**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JOSHUA BRADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | CASE NO.: 1:22:cv-00037-KD-C |
| **CITY OF CREOLA, ALABAMA,** ) | |
| **FRANK HAMMOND, and GARY** ) | |
| **DAVIS,** ) | |
| ) | |
| **Defendants.** ) | |

**ANSWER**

COME NOW Defendants City of Creola (the "City") and Frank Hammond ("Hammond" and together with the City, "Defendants"), by and through undersigned counsel, and file their Answer and Affirmative Defenses in response to Plaintiff's Complaint (the "Complaint") stating as follows:

**Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of the Complaint and therefore they are denied.

2.      Admit.

3.      Admit.

4.      Defendants admit that Gary Davis was at certain times employed by the City as a police officer. Defendants deny that Davis was acting within the line and scope of his employment during all times relevant to the allegations in the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph of the Complaint and therefore they are denied.

{06333301.3}                                    1

5.      The allegations of this paragraph do not appear to require a response from Defendants. To the extent a response is required, Defendants deny the allegations of this paragraph.

### Facts

6.      Admit.

7.      Admit.

8.      Deny.

9.      Admit.

10.     Deny.

11.     Deny.

12.     Admitted that Davis attempted to tie Plaintiff.

13.     Admitted that Davis struck Plaintiff.

14.     Deny.

15.     Deny.

16.     Deny.

### Count I – 42 U.S.C. § 1983 Excessive Force – All Defendants

17.     Deny.

18.     Deny.

19.     Deny.

20.     Deny.

21.     Deny.

### Other Matters

22.     Deny.

## Relief Sought

23.     Defendants deny that Plaintiff is entitled to any of the relief sought against these Defendants in Paragraph 23, and the subparts therein, of the Complaint.

## Affirmative Defenses

1.     These Defendants claim the benefits of all immunities available to them by statute or common law.

2.     The Complaint fails to state a claim against these Defendants for which relief can be granted.

3.     Defendants claim they acted with justification at all times material to the allegations of Plaintiff's Complaint.

4.     Defendants claim they acted reasonably and in good faith at all times material to the allegations of Plaintiff's Complaint.

5.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

6.     The alleged injuries and damages of Plaintiff were not proximately caused by these Defendants.

7.     The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission by or on behalf of these Defendants.

8.     In that there was a total absence of any causal connection between any actions of these Defendants and the injuries of the Plaintiff, Plaintiff cannot recover.

9.     These Defendants claim sovereign immunity.

10.     These Defendants claims qualified immunity.

{06333301.3}

3

11.     These Defendants cannot be held liable pursuant to 42 U.S.C. §1983 under any theory of *respondeat superior* liability.

12.     No allegedly unconstitutional policy of these Defendants has been implicated which allegedly caused or contributed to the injuries or damages claimed.

13.     To the extent the Plaintiff is seeking punitive damages, punitive damages are not recoverable against these Defendants.

14.     Defendants assert the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which these Defendants had no duty or ability or control, thereby constituting an independent cause resulting in injury to Plaintiff.

15.     Defendants assert that the sole proximate cause of Plaintiff's injuries are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care application to these Defendants, and as such, these Defendants can have no liability whatsoever for the claims asserted in the Complaint.

16.     An award of mental anguish damages in this case would violate these Defendants' due process and equal protection rights guaranteed by the United States Constitution and the Constitution of the State of Alabama because juries are not given any rules, standards or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

17.     These Defendants contest each and every items of damages claimed by Plaintiff and demands strict proof thereof.

18.     Any award of punitive damages in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

19.     The imposition of punitive damages, without specific guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

20.     Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause; and

(g)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

21.     Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of

proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g) The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

22. The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

23. These Defendants reserve the right to add additional affirmative defenses.

/s/ *Jaclyn C. Diard*
JACLYN C. DIARD
MARK L. REDDITT
*Attorneys for Defendants the City of Creola and Frank Hammond*

OF COUNSEL:

MAYNARD COOPER & GALE, PC
11 North Water Street, Suite 24290
Mobile, AL  36602-5024
Telephone: (251) 432-0001
Facsimile: (251) 432-0007
mredditt@maynardcooper.com
jdiard@maynardcooper.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2022, I electronically filed the foregoing pleading with the Court via the CM/ECF Filing System which will automatically forward an electronic copy of the same to all counsel of record.

                                        /s/ *Jaclyn C. Diard*
                                        JACLYN C. DIARD